IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUSAN CAROL STAEDTLER, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| ANDREW SAUL, | : | |
| Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 20-4890 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                               July 1, 2021

Susan Carol Staedtler ("Plaintiff"), seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has filed a reply. For the reasons set forth below, Plaintiff's request for review is granted and the case is remanded for the calculation and award of disability benefits.

**I.      PROCEDURAL HISTORY**[1]

On May 23, 2013, Plaintiff applied for DIB, based upon disability since June 30, 1988, because of physical and mental health problems. R. 999 n.1. Plaintiff subsequently amended her alleged onset date to December 1, 1993. R. 1040. Her claim was denied, initially, and Administrative Law Judge ("ALJ") Jay Marku held a hearing on February 18, 2015. R. 999 n.1.

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

1

ALJ Marku, using the sequential evaluation process for disability,[2] rendered an unfavorable decision, on April 9, 2015. *Id.* The Appeals Council denied review, on October 6, 2016. *Id.* Plaintiff sought judicial review in this court, and, on June 8, 2018, the Honorable J. Curtis Joyner ordered a remand. *Id.*

ALJ Marku held another hearing, on October 2, 2018, and rendered another unfavorable decision, on February 22, 2019. R. 999 n.1. The Appeals Council ordered a remand for further proceedings to correct ALJ Marku's failure to properly consider the evidence, on February 27, 2020. *Id.* at 999 n.1, 1042. This time, ALJ Sandra Morales Price ("the ALJ") conducted a telephone hearing, on June 16, 2020. R. 999. Plaintiff, represented by an attorney, and Vocational Expert Denise D. Cordes ("the VE") testified at the hearing. *Id.* On June 29, 2020, the ALJ entered an unfavorable decision. R. 999-1012. This time, the Appeals Council declined to review the ALJ's decision. Pl.'s Br. at 3. Next, Plaintiff requested judicial review and the parties have consented to this Magistrate Judge's jurisdiction, pursuant to 28 U.S.C. § 636(c).

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

## II. FACTUAL BACKGROUND

A. <u>Personal History</u>

Plaintiff, born on December 25, 1953, R. 1036, was 66 years old when the ALJ rendered her decision. She completed high school, R. 1010, and last worked in 1988. R. 1040.

B. <u>Plaintiff's Testimony</u>

Plaintiff did not provide any substantive testimony at the June 16, 2020 hearing. However, at the October 2, 2018 hearing, she did testify about her work history and her condition after her first stroke in 1984 up to December 31, 1993. R. 1062-77. Plaintiff explained that, although she could hear what people said to her, she had difficulty comprehending the meaning of the words spoken. R. 1069-70. To her, it seems that people are speaking to her in a foreign language, which she does not understand. R. 1071. Plaintiff could not perform her job answering telephone calls without a script; absent that help, she would answer the phone and be silent. R. 1077.

The first stroke affected the right side of Plaintiff's body such that, when holding objects in her right hand, she sometimes drops them without warning and without feeling that they are falling from her hand. R. 1072-73. Because of this problem, Plaintiff receives items with her left hand, even though she is right-handed. R. 1075. In addition, shaking hands with her right hand is very painful. *Id.*

C. <u>Vocational Testimony</u>

The VE was asked to consider an individual with Plaintiff's age and education who could: perform light work[3]; sit for four hours and stand/walk for four hours; occasionally stoop or twist; occasionally climb stairs but never climb ladders; tolerate occasional exposure to hazards such as heights; tolerate occasional exposure to dust, soldering fluxes, fumes, odors, gases, wetness, high

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

3

humidity, extreme cold and heat; and perform low stress work.[4] R. 1049-50. The VE stated that this person could perform the following light, unskilled[5] jobs: (1) ticket seller (200,000 positions nationally); (2) information clerk (150,000 positions nationally) and (3) optical lens-matcher (22,000 positions nationally). R. 1050. The VE stated that her answer was consistent with the Dictionary of Occupational Titles and was based upon her 30 years of experience in jobs analyses and vocational rehabilitation. R. 1050-51.

In follow-up questioning, the VE stated that, if the same individual could tolerate no exposure to machinery or heights, he or she could still perform the three identified jobs. R. 1051. However, if the person was off-task 25% of the time, she could not perform any work. R. 1052. The VE also said that, in her experience, employers would only allow a worker to consistently miss one day of work per month due to illness; hence, missing three days per month because of illness would preclude any work. *Id.* Finally, the VE testified that a person who could only sit, stand and walk for four hours of an eight-hour workday would be unable to work. *Id.*

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1.  [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 1993.

2.  [Plaintiff] did not engage in substantial gainful activity during the period from her amended alleged onset date of December 1, 1993, through her date last insured of December 31, 1993 (20 CFR 404.1571 *et seq.*).

3.  Through the date last insured, [Plaintiff] has the following severe impairments: mitral valvular disease with a prosthetic mitral valve due to endocarditis, residuals of cerebrovascular

---

[4] The ALJ agreed to stipulate to the October 2, 2018 testimony about Plaintiff's prior work. R. 1048. Hence, the VE was not asked any questions about the prior work.

[5] "Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

4

|   |   |
|---|---|
|   | accident, and depression (20 CFR 404.1520(c)). |
| 4. | Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). |
| 5. | After careful consideration of the entire record, I find that, through the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she was limited to sitting 4 hours and standing and/or walking 4 hours in an 8-hour workday; to lifting/carrying less than 10 pounds frequently and 20 pounds occasionally; to occasionally twisting and stooping (bending), crouching/squatting; to never climbing ladders, but occasionally climbing stairs; to no exposure to hazards (machinery, heights); to occasional exposure to dust, soldering fluxes, fumes/odors/gases, wetness, high humidity, extreme heat and cold; and she can perform low stress work. |
| 6. | Through the date last insured, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565). |
| 7. | [Plaintiff] was born on December 25, 1953 and was 40 years old, which is defined as a younger individual age 18-49, on the date last inured (20 CFR 404.1563). |
| 8. | [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564). |
| 9. | Transferability of job skills is not material to the determination of disability because using Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [she] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2). |
| 10. | Through the date last insured, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569, 404.1569(a)). |
| 11. | [Plaintiff] has not been under a disability, as defined in the |

> Social Security Act, at any time from December 1, 1993, the amended alleged onset date, through December 31, 1993, the date last insured (20 CFR 404.1520(g)).

R. 1002, 1004, 1010-11.

## IV.  DISCUSSION

A.  <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).  Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion.  *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  Indeed, the court is not permitted to weigh the record evidence itself.  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.  <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of

demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential analysis process, the ALJ determined that, although Plaintiff could not perform her past relevant work, she could perform other light jobs that exist in the national economy and, hence, was not disabled. R. 999-1012. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by: (1) improperly failing to credit the portions of her treating physician's opinions which render Plaintiff disabled; (2) and posing defective hypothetical questions to the VE, such that the ALJ's decision lacks substantial evidence. Pl. Br. at 5-16. The

7

Commissioner denies most of Plaintiff's assertions, although he ignores Plaintiff's argument concerning the ALJ's treatment of the treating physician's exertional opinion that, in combination, Plaintiff could only sit, stand and walk for four hours in an eight-hour workday. Resp. at 1-9. This court finds that the Commissioner's omission is telling and concludes that Plaintiff is disabled, and the case should be remanded solely for the calculation and award of disability benefits.

Plaintiff has treated with Richard Goldhammer, D.O., since 1991. Pl's Br. at 8 (citing R. 499-923, 1379-1517). On January 26, 2015, Dr. Goldhammer rendered several opinions about Plaintiff's condition and limitations. Among his most salient opinions were that Plaintiff would be off-task 25% of the time, R. 983, would miss three days of work per month, R. 983, and was able to only sit, stand and walk for a total of four hours in an eight-hour workday. R. 981. When the VE was asked to consider these limitations, she opined that each one was disabling. R. 1052. Plaintiff asserts that it was error for the ALJ not to accept any of these limitations in the residual functional capacity ("RFC") assessment. Pl. Br. at 5-15. The Commissioner disputes Plaintiff's contention about the first two opinions but makes no effort to defend the ALJ's treatment of the four-hour exertional limitation. Resp. at 1-9. This court concludes that the ALJ committed reversible error by accepting Dr. Goldhammer's opinion that Plaintiff was limited to four hours of combined sitting, standing and walking but, inexplicably, failing to find Plaintiff was disabled. Since this limitation is disabling and the record will not change, the Commissioner's final decision is reversed, and the case remanded for the calculation and award of DIB.

In her decision, the ALJ concluded that she accepted Dr. Goldhammer's exertional limitations, because they were supported by the doctor's narrative.[6] R. 1009. The ability to sit, stand and walk are exertional components of work. 20 C.F.R. § 404.1567. Thus, the ALJ

---

[6] The ALJ specifically stated that she was rejecting Dr. Goldhammer's nonexertional opinions that Plaintiff would be off-task 25% of the time and would miss three days of work per month. R. 1009.

necessarily concluded that she accepted, as supported by the medical evidence, Dr. Goldhammer's opinion that Plaintiff could only sit, stand and walk for a total of four hours in an eight-hour workday. Accordingly, based on the VE's testimony, R. 1052, the ALJ should have determined that Plaintiff is disabled.

In his response, the Commissioner makes no effort to defend the ALJ's failure to realize that acceptance of Dr. Goldhammer's exertional limitations rendered Plaintiff disabled. *See* Resp. at 1-9. Indeed, since the ALJ failed to explain this glaring error, this court is barred from supplying a reason either. *Fargnoli*, 247 F.3d at 44 n.7 (citing *S.E.C. v. Chenery Corp.*, 318 U.S. 80 (1943)). The court could order a remand for the ALJ to re-consider this obvious error. *See Fargnoli*, 247 F.3d at 44. However, for the reasons expressed below, the court will not.

This case was remanded by the Appeals Council in order for the ALJ to explicitly consider the importance of Dr. Goldhammer's exertional opinions. R. 1166. In response to that specific instruction, the ALJ considered the doctor's exertional opinions, made findings consistent with disability, but erroneously concluded that Plaintiff was not disabled. Plaintiff's date last insured is December 31, 1993, over 27 years ago. Hence, the relevant medical record will not change. Plaintiff's application has been pending for over eight years, she has already faced one district court remand and a separate Appeals Council remand. Under these circumstances, it is inappropriate to send Plaintiff back to the Commissioner where she will surely endure further delay. *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 358 (3d Cir. 2008). Instead, because the ALJ made findings that demonstrate Plaintiff is disabled but, inexplicably, failed to realize that she had done so, this court concludes that another remand for further consideration of the record would be futile. Since the ALJ's actual exertional findings demonstrate that Plaintiff is disabled,

the Commissioner's decision is reversed, and the case is remanded solely for the calculation and award of DIB.[7]

An implementing Order and Order of Judgment follow.

---

[7] In light of this conclusion, it is unnecessary to consider Plaintiff's other assertions of error.